IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRENDAN GROHUSKY, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | No. 4:19-CV-00571-WJE |

## ORDER

On June 20, 2022, Roger M. Driskill, Counsel for Plaintiff Brendan Grohusky filed a motion for attorney fees pursuant to 42 USC § 406(b), and memorandum in support of motion for attorney fees. (Docs. 18, 19). On July 5, 2022, the Acting Commissioner filed her response and does not object to the requested award. (Doc. 20). After reviewing the pleadings and conducting an independent review of the applicable law and the record, the Court grants the motion for attorney fees.

### I. Background

This matter arises from Mr. Grohusky's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") originally filed on August 4, 2016. (AR 11). After an initial denial, Mr. Grohusky requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*). Following the hearing, the ALJ denied the claim on September 5, 2018. (*Id.* 8-10). The Appeals Council denied Mr. Grohusky's request for review on May 21, 2019. (*Id.* 1-4).

On July 19, 2019, Mr. Grohusky filed a Social Security Complaint in the United States District Court for the Western District of Missouri. (Doc. 1). Following a thorough review of the

record, the Court concluded that the record as a whole did not support the ALJ's physical residual functional capacity finding. (Doc. 16). Consequently, on March 31, 2020, the Court remanded for further proceedings. (*Id*.). Upon remand, the ALJ issued a favorable decision finding that Mr. Grohusky was disabled. (Doc. 18-2). Accordingly, Mr. Grohusky was awarded $68,327.00 in past due benefits. (Doc. 19).

Before seeking judicial review, Mr. Grohusky retained Mr. Driskill through a contingent fee arrangement. (Doc. 18-1). Under the terms of the agreement, Mr. Driskill would receive twenty-five percent of any past due benefits. (*Id*.). Mr. Driskill did not file a motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA") because Mr. Grohusky did not provide a net worth affidavit. (Doc. 18). Mr. Driskill now requests that the Court enter an Order requiring the Commissioner to pay him the $12,489.68, which represents slightly less than twenty-five percent of all past-due benefits, pursuant to 42 U.S.C. § 406(b). (*Id.*).

## II. Legal Standard

The Court may allow "a reasonable fee" for representation when a favorable judgment has been rendered. 42 U.S.C. § 406(b). Said fee may not exceed twenty-five percent of "past-due benefits to which the claimant is entitled." *Id.* In determining the reasonableness of a fee, the Court must first respect "the primacy of lawful attorney-client fee agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). The Court must then test the fee for reasonableness based on: (1) the quality of representation relative to the results achieved; (2) any delay attributable to the attorney; and (3) the size of the benefit counsel receives compared to the amount of time spent on the case. *See id.* at 808.

> In light of the fact that attorney's fees awarded under [42 U.S.C. § 406(b)] are paid from the claimant's past-due benefits, unlike EAJA fees which are paid by the [Social Security Administration], and the consequent inherent conflict between the claimant and the attorney regarding fees under § 406(b), it is incumbent upon

counsel to pursue attorney's fees under [the] EAJA before applying for fees under § 406(b), or justify the failure to do so.

*Rathe v. Soc. Sec. Admin.*, No. 4:08-CV-3011, 2009 WL 2058526, at *2 (D. Neb. July 8, 2009) (citing 4 Soc. Sec. Law & Prac. § 49:139 (Westlaw, Mar. 2009)).

### III. Discussion

Here, Counsel seeks fees in the amount of $12,489.68, less than twenty-five percent of the past-due benefits.[1] For the reasons discussed below, the Court finds the requested fees are reasonable.

As an initial matter, Mr. Driskill did not pursue attorney fees under the EAJA. However, to pursue a claim for attorney fees under the EAJA, counsel must demonstrate that the plaintiff's net worth does not exceed $2,000,000. 28 U.S.C. § 2412(d)(2)(B). Mr. Grohusky failed to provide a net worth affidavit to Mr. Driskill, so Mr. Driskill was precluded from filing a motion for attorney fees under the EAJA. (*See* Doc. 18). Since Mr. Driskill justified his failure to pursue attorney fees under the EAJA, the Court will now evaluate the reasonableness of attorney fees pursuant to 42 U.S.C. § 406(b).

Mr. Grohusky's agreement to pay Mr. Driskill twenty-five percent of the total past-due benefits does not exceed the statutory maximum. Accordingly, the agreement is not unlawful on its face, and the Court next considers whether the fee claimed is reasonable. *See Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

---

[1] Mr. Driskill calculated his requested amount by multiplying the his total attorney fees of $4,460.60. by 2.8, a number representing the risk of accepting a Social Security appeal through a contingency fee arrangement. (Doc. 18). This amounted to $12,489.68. (*Id.*). This is less than twenty-five percent of total past-due benefits received by Mr. Grohusky, which was $17,081.75.

The Court notes that Mr. Driskill achieved the optimal result for his client. Despite Mr. Grohusky's claim being denied at three levels of administrative review, Mr. Driskill successfully argued for remand before this Court, resulting in an award of approximately $68,327.00 for Mr. Grohusky. Accordingly, the quality of Mr. Driskill's representation gives the Court no reason to reduce the requested fee. Likewise, the record does not suggest any unreasonable delay on Mr. Driskill's part. As such, the Court does not impose a reduction for delay.

Finally, the pending fee is not excessive relative to the time spent on work before this Court. To measure whether Counsel's fee is proportional to the time spent working, courts in this District compare the requested fee as though it were an hourly rate divided by 2.8 – meant to represent the statistical likelihood of success – with the normal hourly rate Counsel might receive on a non-contingent basis. *See*, *e.g.*, *Teel v. Colvin*, No. 12-03437-CV-S-DGK-SSA, 2014 WL 4185725, at *2 (W.D. Mo. Aug. 22, 2014); *Burton v. Astrue*, No. 07-0231-CV-W-DGK-SSA, 2011 WL 5117655, at *1-2 (W.D. Mo. Oct. 26, 2011); *Whitehead v. Barnhart*, No. 01-0095-CV-SW, 2006 WL 910004, at *2 (W.D. Mo. Apr. 7, 2006). Here, Mr. Driskill claims a total of 21.1 hours of work, which equates to a requested fee of approximately $591.92 per hour ($12,489.68 ÷ 21.1 = $591.92). (Doc. 18-3). If divided by 2.8, the equivalent hourly rate would be $211.40 per hour. To determine the normal hourly rate, the Court considers that the hourly rate Counsel would have received under the EAJA ranged from $205.28 to $234.90. (*Id.*). When compared to the normal hourly rate Counsel would receive under the EAJA, the equivalent hourly rate is not excessive. Accordingly, the Court will not reduce the requested fee as disproportional.

After considering all the *Gisbrecht* factors, and giving primacy to the contingent fee agreement, the Court concludes the requested fee is reasonable.

THEREFORE, IT IS ORDERED that Counsel is awarded attorney fees under 42 U.S.C. § 406(b) in the amount of $12,489.68. (Doc. 18).

Dated this 5th day of July, 2022, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge